IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TONY MARSHALL WASHINGTON, JR., | No. 4:05-CV-00421 |
| Petitioner, | |
| vs. | **ORDER** |
| JOHN AULT, WARDEN, | |
| Respondent. | |

Petitioner Tony Marshall Washington, Jr., petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for first-degree robbery. The parties have thoroughly briefed the issues, and the matter is ready for decision without a hearing.

I. **PROCEDURAL BACKGROUND**

Petitioner and his co-defendant Daniel Hoenig were arrested for the December 17, 1998 armed robbery of a convenience store in Calamus, Iowa. Washington then entered into a written plea agreement which let him plead guilty to second degree robbery. This was identical to the plea arrangement accepted by Hoenig. There was nothing in the plea agreement and counsel never discussed the option of an Alford plea during plea negotiations.

At the plea proceeding, the district court asked Washington to give the factual basis for the plea. Washington denied that he had any involvement in the robbery whatsoever. Based on this statement, the district court could not accept the guilty plea, and the case proceeded to jury trial. Washington was convicted of first degree robbery and given an indeterminate 25 year

sentence.  See State v. Washington, No. FECR 37962 (Iowa District Court  February 11, 2000).

The Iowa Court of Appeals affirmed Washington's conviction but preserved his ineffective assistance of counsel claims for postconviction proceedings.  See State v. Washington, No. 00-433 (Iowa Ct. App. January 24, 2001) (procedendo issued March 7, 2001).

Washington filed postconviction relief (PCR) proceedings in the Iowa District Court in and for Clinton County and argued, among other things, that trial counsel was ineffective with respect to the aborted plea proceeding for not discussing the possibility of an Alford plea.  The district court denied PCR relief.  Washington v. State, Case No. PC 27590 (Iowa District Court December 24, 2003).

Washington appealed the PCR decision, claiming that trial counsel was ineffective in failing to pursue the possibility of an Alford plea (1) in negotiations with the county attorney; (2) with Washington himself, and (3) during the plea hearing.  Washington v. Iowa, No. 5-049/04-0114 (Iowa Ct. Appeals March 16, 2005).  The Iowa Court of Appeals agreed that trial counsel should have discussed the possibility of an Alford plea with his client but because the evidence established at the PCR demonstrated that the county attorney would not have agreed to a plea that did not contain Washington's admission of guilty, and the record showed that Washington was unwilling to admit his participation, Washington could not show that the lack of Alford discussion was prejudicial to him.

Washington argued that the county attorney's consent was not necessary but that the trial court could have accepted such a plea without Washington's admissions.  The Court of Appeals rejected that argument, and held that the district court could not accept a plea, essentially a

contract, if both parties did not agree.  Id. at 11 ("The district court's acceptance of a guilty plea is conditioned on the achievement of an agreement between the State and the defendant.") (citing Iowa R. Crim P. 2.10(2)).

In this federal habeas petition, Washington raises four claims for relief: that (1) trial counsel was ineffective for failing to postpone the plea proceedings and advise Washington about an Alford plea; (2) trial counsel was ineffective for failing to present evidence for an alibi defense at trial; (3) appellate counsel was ineffective for failing to raise and preserve an alibi defense on appeal; and (4) the Iowa courts erred in finding no ineffective assistance of counsel where trial attorney failed to pursue an Alford plea.

## II.  **DISCUSSION**

A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 694 (2002).  Under AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).

A state court decision is "contrary to" clearly established federal law if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or if the state court confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Lockyer v. Andrade, 538 U.S. 63, 73 (2003). Under the "unreasonable application" standard, a court may grant the writ if the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the petitioner's case in an objectively unreasonable way. Id. at 75. "Unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's, even if the federal court, in its own judgment, disagrees with the state court's decision. Id. Factual findings of a state court "shall be presumed to be correct" and can be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Court applies this standard to petitioner's claim.

B. Ineffective Assistance of Counsel

Petitioner argues that the Iowa courts made an unreasonable determination of the facts and application of clearly established federal law when it held that trial counsel was not ineffective for failing to advise his client about an Alford plea during the plea agreement proceeding.[1]

To establish an ineffective assistance of counsel claim, petitioner must show that (1)

---

[1] Although petitioner raises four claims in his initial petition, only this issue is raised and discussed in the brief in support of his petition. The Court considers the other issues abandoned.

counsel's representation was deficient, and (2) the deficiency prejudiced him.  Strickland v.

Washington, 466 U.S. 668, 687 (1984).  The first prong requires a showing that counsel's

performance fell below an objective standard of reasonableness.  Id. at 687-88.  To meet the

second prong, he must demonstrate "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.  A reasonable

probability is a probability sufficient to undermine the confidence in the outcome."  Id. at 694.

Defendant's claim that counsel was ineffective during the plea bargaining process will be

reviewed under the Strickland analysis.  See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).  "[A]

defendant, after rejecting the proposed plea bargain and receiving a fair trial, may still show

prejudice if the plea bargain agreement would have resulted in a lesser sentence. To establish

prejudice, however, the movant must show that, but for his counsel's advice, he would have

accepted the plea."  Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995)(citations

omitted); see also Wanatee v. Ault, 259 F.3d 700, 703-04 (8th Cir. 2001).  Petitioner must also

prove that the state did or would have offered a plea.  See Kingsberry v. United States, 202 F.3d

1030, 1032 (8th Cir.) cert. denied, 531 U.S. 829 (2000) ("to establish such prejudice, the

petitioner must begin by proving that a plea agreement was formally offered by the

government.").

Here, the burden is on defendant to show that but for the ineffectiveness of counsel, the

state would have offered and Washington would have been able to enter a plea under North

Carolina v. Alford, 400 U.S. 25, 37 (1970)(allows a defendant to maintain his innocence of the

offence charged).  The Iowa Court of Appeals agreed with Washington that trial counsel

breached a duty when he failed to at least "inquire about the possibility of an <u>Alford</u> plea and to pursue it either during plea negotiations with the county attorney, or prior to the adjournment of the plea hearing." <u>Washington</u>, No. 5-049/04-0114 at *8.  The issue for this court to determine is whether it was unreasonable for the Iowa Court of Appeals to find there was no prejudice to Washington under these circumstances, the second prong of the <u>Strickland</u> test.

In the PCR hearing, the county attorney testified that Washington's admission of involvement was a nonnegotiable condition of any plea bargain.  <u>Washington v. Iowa</u>, PC 27590 Transcript of Post-Conviction Relief Hearing (October 8, 2003) at 56 ("I did not contemplate nor did I ever offer an <u>Alford</u> plea "[b]ecause I was treating both co-defendants the same, and I didn't give an <u>Alford</u> plea nor did I  contemplate an <u>Alford</u> plea for the co-defendant, and I wanted to treat them fairly and the same. . . . I told [the victim] the most I would ever accept would be an open plea to those lesser-included offenses.").

Finding this testimony to be fully credible, the Iowa Court of Appeals concluded "that had trial counsel proposed an <u>Alford</u> plea during the plea negotiations, the county attorney would have rejected it squarely." <u>Washington</u>, No. 5-049/04-0114 at *9.  The Court of Appeals also noted that plea agreements are contracts, and there was no contractual obligation to offer Washington an <u>Alford</u> plea.  <u>Id</u>. at *10.  Finally, Washington's argument that the district court would have accepted an <u>Alford</u> plea even if the State objected was rejected because under Iowa law, "the district court could [not] have imposed a plea arrangement to which either the prosecutor or the defendant did not expressly agree."  <u>Id</u>. at 11 ("[I]f we were to adopt Washington's argument, we would nullify the parties' freedom to contract now protected by the

optional plea negotiation framework found in our procedural rules.")(citing  Iowa R. Crim. P.

2.10(1) ("The prosecuting attorney and the attorney for the defendant may engage in discussions

with a view toward reaching an agreement that, upon the entering of a plea of guilty to a charged

offense or to a lesser or related offense, the prosecuting attorney will make a charging or

sentencing concession.").

     Petitioner's argument here is that had counsel adequately advised his client, Washington

would have accepted the plea agreement offered.  That argument, however, is not supported by

the record.  The record is convincing that the county attorney required an admission of guilt.

Petitioner was not willing to make such an admission and the county attorney was not willing to

offer an <u>Alford</u> plea under these circumstances.  Further, the language contained in the decision

of the Court of Appeals indicates that an Iowa trial court had no authority to force the state to

accept the <u>Alford</u> plea.  <u>Washington</u>, No. 5-049/04-0114 at *11.  Petitioner does not argue that

this interpretation is unreasonable under Iowa law.

     Because there was no reasonable probability that, but for counsel's errors, the result of

the proceeding would have been different, petitioner has failed to establish that he was

unconstitutionally prejudiced by counsel's error.  In light of the record developed at the PCR

hearing and for the reasons stated above, it was not an unreasonable for the Iowa Court of

Appeals to make this determination.

III.  CONCLUSION

For the reasons stated above, the decision of the Iowa Court of Appeals was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  Thus, the petition for habeas corpus relief is denied.  The case is dismissed.

**IT IS SO ORDERED**.

Dated this 13th day of September, 2006.

RONALD E. LONGSTAFF, Judge
United States District Court